## Laíno, Plaintiff and Appellant, v. Blondet et al., Defendants and Appellees.

Appeal from the District Court of Guayama in an Action for Damages.

Motion by the Defendant for Change of Venue.

No. 1984.—Decided May 1, 1919.

Venue—Prejudice.—The fact that the employees of a court may be prejudiced against a litigant is no legal ground for a change of venue, for it is to be presumed that the judge is master in his own house and, if not prejudiced himself, will see that justice is done to the parties before him.

Id.—Id.—In order that prejudice may justify a change of venue the prejudice to be alleged must be personal to the judge and should be demonstrated either by evidence tending to show personal hostility or by such arbitrary decisions and rulings that prejudice is a necessary deduction; but no mere ruling, however erroneous, can show prejudice.

Id.—Discretion of Court.—Such a ground as ''interests of justice,'' even supposing it to be included in the statutory words ''for any cause,'' is not sufficient to justify the granting of a change of venue at the discretion of the court unless such cause is pleaded and shown.

The facts are stated in the opinion.

*Messrs. Cayetano Coll y Cuchí, Gustavo Cruzado Silva* and *José F. Aponte* for the appellant.

*Messrs. Hugh R. Francis, Angel R. de Jesús* and *Juan B. Soto* for the appellees.

Mr. Justice Wolf delivered the opinion of the court.

It is unnecessary to trace all the preliminary proceedings in the application for a change of venue that were presented to the District Court of Guayama. At the time of the said application the case was duly before that court subject to its power, on a proper showing, to transfer it to another district. After a hearing on a motion to transfer and the failure of the parties to agree on another court, the District Court of Guayama ordered the case transferred to the District Court of Ponce, and it is from the two orders transferring the cause that the appeals are taken.

The motion of the appellees prevailed in legal effect on the ground that the district judge of Guayama was preju-

diced against the propounder of the motion, and it was also alleged that the employees of the court were so prejudiced. We may put to one side immediately the averment that the employees of the court were prejudiced against the appellees. Such a fact is no legal ground for a transfer, and it may be conclusively presumed that the judge is master in his own house and will, if not prejudiced himself, see that justice is done to the parties before him. We do not find nor hold that there was such prejudice in the employees. There are only two real issues in this appeal. The first is whether or not the judge was shown to be prejudiced; the second is whether, in the absence of such showing, there was a proper exercise of discretion in transferring the cause. These two issues may be considered together.

If a court has dismissed a complaint on the day set for trial and afterwards reinstates the cause, the powers of the court under section 140 of the Code of Civil Procedure are so ample and generous that an exceedingly strong showing would be necessary to infer prejudice. It is generally a greater measure of justice to reinstate a cause that has never been heard than to require a complainant to begin anew. The failure to impose costs, even if legally an abuse of discretion, did not and could not show prejudice.

Nor when the judge dismissed the original complaint against the appellee could the fact that the judge failed to make a hostile witness, temporarily excused, come back to testify be considered prejudice; nor yet that the court, deciding in favor of appellee Blondet, prevented the airing in that particular proceeding of the hostility of the family Laíno towards the family Blondet, nor anything else that happened in that case short of a showing of the hostility of the judge against the appellee. The appellee in his brief cites the case of *Avila* v. *Mecherin,* 69 Cal. 478, for another purpose, namely, that of showing discretion. But in that case the ground of prejudice was a strong personal friendship between the court and one of the parties. The prejudice

to be alleged must be personal to the judge and should be demonstrated either by evidence tending to show a personal hostility or by such arbitrary decisions and rulings that a prejudice is a necessary deduction; but no mere rulings, however erroneous, could show prejudice.

There would be no prejudice shown even if the court had formed an opinion that Laíno did not have a weapon in his hand at the time of the hostilities, which appeared to be the foundation of the cause of action before us. Such an opinion could yield to the proof, as in the case of a juryman. Even if from the facts of a case that were actually, however, submitted to a jury (the proceeding being for assault and battery with intent to commit manslaughter and decided against one of appellees), the judge had formed a fixed opinion, such fixed opinion would not be prejudice and the judge would still be presumed to try the case according to the proof presented.

Indeed, in this court the parties do not insist that the prejudice of the judge was shown. They maintain rather that the district court had a discretion and that this court cannot reverse in the absence of an abuse of discretion. We are of the opinion, however, that the district court, on the facts submitted, there being none tending to show prejudice, was not called upon to exercise a discretion.

The case was within the jurisdiction of the District Court of Guayama. The right of a court to transfer a cause is not personal to the judge, but if the suit is properly begun or submitted the parties acquire rights to have the case heard in the court where the action is pending, unless a showing is made that invokes the power of the court to transfer the cause. Sections 79 and 81 of the Code of Civil Procedure show this right of trial. If a court should transfer a cause without any showing of facts, either of the parties would be entitled to a reversal of the action. There could be no presumption of prejudice or of the existence of any other fact authorizing the transfer. *De non apparentibus et de non exis-*

*tentibus eadem est ratio.* There was no showing of prejudice and the power of the court to transfer was never properly invoked.

The appellee insists, citing sections 83 and 84 of the Code of Civil Procedure, that the court may, in the interests of justice, transfer a cause.

"Sec. 83.—The court may, on motion, change the place of trial in the following cases:

"1. When the district designated in the complaint is not the proper district.

"2. When there is reason to believe that an impartial trial cannot be had therein.

"3. When the convenience of witnesses and the ends of justice would be promoted by the change.

"4. When from any cause the judge is disqualified from acting.

"Sec. 84.—If an action or proceeding is commenced or pending in a court, and the judge thereof is disqualified from acting as such, or if, for any cause, the court orders the place of trial to be changed, it must be transferred for trial to a court the parties may agree upon by stipulation in writing, or made in open court and entered in the minutes; or, if they do not so agree, then (to) the nearest court where the like objection or cause for making the order does not exist, as follows:

"1. If in the district court, to another district court."

Such a ground as the "interests of justice" is not mentioned in either section; but, supposing this ground to be included in the words "for any cause," such cause must still be shown. The other side must be notified of such cause and be heard thereon. The cause cannot, as we have said before, be presumed. It is no ground in the interests of justice that a particular judge knew some or all of the facts now involved in another trial between the same parties or has some ideas of the merits of the case. Without stopping to examine the principles governing the sending back of a case to the judge who first tried it, we may point out that such second trials are especially frequent in a place where a single judge con-

stitutes the court. The parties have still a right to be heard in that court.

The appellee also maintained that the judge felt himself to be prejudiced, as might be inferred from his action in transferring the cause. Even if the judge so felt, the appellant still had a right to a trial in the District Court of Guayama in the absence of a showing. If the judge felt such a prejudice, it was his duty to make it appear of record before overcoming the right of the complainant to be heard in Guayama.

If, moreover, the opinion of the court may be examined, it expressly denies such prejudice. The motives of delicacy which influenced the judge are no ground for a change of venue.

The orders of January 28, 1919, and February 10, 1919, must be

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.